UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
:
UNITED STATES OF AMERICA,                   :
:
– *against* –                                          :
:                    12 Cr. 847 (PGG)
MICHAEL VAN HISE,                           :                    Electronically Filed
:
Defendant.                      :
:
-------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MICHAEL VAN HISE'S SUPPLEMENTAL MOTION FOR SEVERANCE

Alice L. Fontier, Esq.
369 Lexington Ave., 2d Fl #224
New York, New York 10017
Tel: (212) 256-1244
AliceFontierEsq@gmail.com

Elizabeth Edwards Macedonio
Elizabeth E. Macedonio, P.C.
42-40 Bell Blvd., Suite 302
Bayside, NY 11361
Tel: (718) 279 3770
emacedonio@yahoo.com

*Attorneys for Defendant
Michael Van Hise*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,

    – against –

MICHAEL VAN HISE

                     Defendant.

12 Cr. 847 (PGG)
Electronically Filed

------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MICHAEL VAN HISE'S SUPPLEMENTAL MOTION FOR SEVERANCE[1]

This memorandum of law is submitted in support of defendant Michael Van Hise's supplemental pretrial motion pursuant to Rule 12(b), Fed.R.Crim.P., for severance of his case from that of his co-defendants.

Mr. Van Hise has moved for severance from both of his co-defendants. In addition to the reasons set forth in the prior moving papers, Mr. Van Hise moves for severance from co-defendant Asch, because the child pornography charges for which Mr. Asch is now indicted are improperly joined in this matter, and are unduly prejudicial to Mr. Van Hise.

---

[1] Pursuant to the Order of the Court dated August 13, 2013, Mr. Van Hise submits this Supplemental Motion addressing the new superseding indictment. At the August 13, 2013, conference the Court also permitted counsel to submit a supplemental motion with respect to Mr. Meltz's post-arrest statements, and the impact of those statements on the Motion for Severance pursuant to *Bruton*. The post-arrest statements of Mr. Meltz do not implicate any *Bruton* issues. However, Mr. Asch made several statements to the undercover agent during the course of the subsequent conspiracy, which would raise *Bruton* issues. Mr. Van Hise does not raise these concerns now, as they may be mooted by the decision on severance, or more readily made after the government determines whether it will proceed on the current Indictment, or supersede with an indictment properly charging the multiple conspiracies. Mr. Van Hise therefore requests permission to supplement the Motion to Sever with respect to Mr. Asch at a later point if necessary.

-1-

Mr. Van Hise and his co-defendants were arraigned on the third Superseding Indictment, on August 13, 2013. This Indictment remains the same with respect to Mr. Van Hise; he is still charged with a single count of Conspiracy to Kidnap. However, Mr. Asch is now charged with two additional counts – receiving and possessing child pornography. Because of the nature of these additional charges, Mr. Van Hise moves for severance from Mr. Asch.

The Second Circuit has stated that,

> Rule 8(a) allows for the joinder of offenses that "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed.R.Crim.P. 8(a). "Similar" charges include those that are "somewhat alike," or those "having a general likeness" to each other. *United States v. Werner*, 620 F.2d 922, 926 (2d Cir.1980) (quoting the dictionary). Counts that have a "sufficient logical connection" to each other can be tried together, *Ruiz*, 894 F.2d at 505, as can those "where the same evidence may be used to prove each count," *United States v. Blakney*, 941 F.2d 114, 116 (2d Cir.1991).
>
> Federal Rule of Criminal Procedure 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed.R.Crim.P. 14(a).

*United States v. Rivera*, 546 F.3d 245, 253 (2d Cir. 2008). Here, the additional charges against Mr. Asch are not similar in character to the charge against Mr. Van Hise and are therefore not properly joined. Also, the nature of the additional child pornography charges against Mr. Asch is prejudicial to Mr. Van Hise.

In *Rivera*, the Second Circuit held that severance was not warranted when a single defendant was charged with child molestation and possession of child pornography because the two offenses were similar in nature. *Rivera*, 546 F.3d at 254. However, here kidnapping and

possession of child pornography are not of similar character. It is alleged that Mr. Van Hise had various conversations about kidnapping a person, or providing access to his family members to have them kidnapped.

In relation to the charge of conspiracy to kidnap involving Mr. Van Hise and his current co-defendants, at trial the government intends to offer proof that Mr. Van Hise sought to have various members of his family kidnapped. These charges are based on conversations that Mr. Van Hise had in the spring and summer of 2012, that were never realized. Indeed, Mr. Van Hise ceased his communications with his co-defendants until the FBI requested that he resume them. There are no allegations that he sought out children or other people of any age. To the extent that children will be discussed at all, Mr. Asch inquired about abducting the children and Mr. Van Hise replied that he "did not want them done." These allegations are not similar to the possession of child pornography. Indeed, the introduction of child pornography at trial is likely to mislead the jury into believing that Mr. Van Hise was also sexually attracted to children.

In contrast, to prove the charges of receiving and possessing child pornography against Mr. Asch the government is permitted to introduce the actual images obtained from Mr. Asch's computer and home. *Herndon v. United States*, 359 F. App'x 241, 243 (2d Cir. 2010) ("Even if the stipulation satisfied the child pornography element, the government was still required to prove the knowledge element. The images allowed the jury to determine how likely it was that Herndon knew the images were child pornography. The court did not abuse its discretion in determining that this probative value outweighed any prejudicial affect. *See* Fed.R.Evid. 403."). According to search warrant affidavits, the images at issue depict such things as a "photograph that depicts a nearly naked female child, who appeared to be approximately two-years old, with

an adult male hand fondling the child's genitals." This type of evidence has no relevance to the charge against Mr. Van Hise and is unduly prejudicial.

Conspiracy to Kidnap and the Possession of Child Pornography are not similar offenses. The proof at trial is not the same, or even similar, and the images found on Mr. Asch's computer cannot be said to be part of any "scheme or plan" that involved Mr. Van Hise. Yet the introduction of these images at Mr. Van Hise's trial will undoubtedly impact the jury and create the impression that Mr. Van Hise is also alleged to be a pedophile. A fact that is not alleged and is unduly prejudicial.

## CONCLUSION

For all of the foregoing reasons, and for all of the reasons set forth in the prior moving papers, Mr. Van Hise respectfully requests that this motion be granted in its entirety.

Dated: August 17, 2013
     New York, New York

Respectfully submitted,

/S/ Alice L. Fontier
Alice L. Fontier, Esq.
369 Lexington Ave., 2d Fl #224
New York, New York 10017
(212) 256-1244
AliceFontierEsq@gmail.com

/S/ Elizabeth Macedonio
Elizabeth Edwards Macedonio
Elizabeth E. Macedonio, P.C.
42-40 Bell Blvd., Suite 302
Bayside, NY 11361
Tel: (718) 279 3770
emacedonio@yahoo.com

*Attorneys for Defendant Michael Van Hise*